IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEONARD DWAYNE HILL, | ) | |
|     Petitioner, | ) | Civil Action No. 7:22-cv-00176 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN J.C. STREEVAL, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Leonard Dwayne Hill, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and has paid the filing fee. In his petition, he alleges four grounds for relief. All of them stem, however, from a single underlying premise: that his indictment and subsequent conviction for being a felon in possession of ammunition is illegal because the 23 rounds of ammunition that he was charged with possessing did not travel in interstate commerce.

He lists his grounds for relief as: (1) he was improperly indicted and his Fifth And Sixth Amendment rights were violated because the ammunition did not cross state lines; (2) his Fourteenth Amendment rights were violated because there was "no physical evidence" and "no expert testimony" to support his conviction; (3) his attorney was constitutionally ineffective because he failed to move to dismiss the indictment on the grounds that the ammunition had not crossed state lines; and (4) the court lacked jurisdiction over his case because of the unconstitutional indictment. (Pet. at 6–7, Dkt. No. 1.)

After review of the petition, the court concludes that it must be summarily dismissed.[1] In particular, Hill already has raised identical claims in a 28 U.S.C. § 2241 petition before another federal district court. As a result, his petition before this court is second or successive, and,

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), a court may summarily dismiss a petition when it is plain that the petitioner is not entitled to relief.

pursuant to 28 U.S.C. § 2244(a), the court should not entertain it. For this reason, explained in more detail below, the court will dismiss Hill's § 2241 petition.

I. BACKGROUND

The court where Hill filed two prior § 2241 petitions—the Northern District of West Virginia—issued an opinion in January 2022 in which it set forth the procedural background of Hill's criminal case and subsequent collateral attacks as follows:

> The petitioner was indicted for possession of 23 rounds of ammunition by a convicted felon in the District of Minnesota. *United States v. Hill*, 835 F.3d 796, 798 (8th Cir. 2016), *cert. denied,* 137 S. Ct. 820 (2017).
>
> At Mr. Hill's trial, the Government presented an expert witness who had disassembled two of the twenty-three rounds of ammunition into their component parts. He determined that one of the component parts - the propellant powder - was made in Florida and therefore had traveled in interstate commerce. The remaining parts of the ammunition were manufactured in Minnesota. *Id.*
>
> Mr. Hill was convicted by a jury and sentenced to 192 months incarceration. On appeal, Mr. Hill made three arguments:
>
>> He first argue[d] the government constructively amended the indictment by presenting evidence at trial of how the individual components of ammunition were in or affecting interstate commerce rather than the ammunition as a whole. Second, the district court should have granted Hill's motion for acquittal because the government failed to establish the propellent powder component was manufactured outside of Minnesota at the time Federal Cartridge manufactured the ammunition seized from Hill-which is anywhere between 2011 and the date law enforcement seized the ammunition from Hill. Lastly, even if the propellent powder was in or affecting interstate commerce, this de minimis connection to interstate commerce is insufficient to satisfy the Commerce Clause.
>
> *Id.* at 799.
>
> The Eighth Circuit rejected all of the arguments and affirmed the conviction. *Id.* Thereafter, Mr. Hill filed a motion to vacate under 28 U.S.C. § 2255, which was granted in part and his sentence was reduced to 108 months. The District Court, however, rejected Mr. Hill's argument that the Government had failed to prove that the ammunition had crossed state lines in the basis that the issue had already been decided by the Eighth Circuit. *United States v. Hill,* 2017 WL 4773110 (D. Minn. Oct. 20, 2017).
>
> Since Mr. Hill had been resentenced, he was permitted to file a second § 2255 motion.

In his second § 2255, Mr. Hill raised two arguments. First, he contended that the ammunition in his possession did not have a minimal nexus to interstate commerce because it was manufactured and assembled in Minnesota, the same state where he was arrested. Second, he also argued that his case is distinguishable from the Eighth Circuit's binding precedent in *United States v. Mosby*, 60 F.3d 454 (8th Cir. 1995). The District Court held that each of these arguments was addressed and rejected by the Eighth Circuit on direct appeal and that the Eighth Circuit concluded that "the government established the ammunition seized from Hill was in or affecting interstate commerce." *Hill*, 835 F.3d at 800. Because this issue was raised and decided on direct appeal, it cannot be relitigated in this § 2255 Motion. The District Court also noted that any factual differences between this case and *Mosby* did not alter the outcome, stating that "[T]he Eighth Circuit has specifically held in Hill's case that although the cartridges were assembled in Minnesota, the propellant powder was manufactured outside of Minnesota, and thus the ammunition seized from Hill was in commerce for the purposes of 18 U.S.C. § 922(g)(1). *Hill*, 835 F.3d at 800." *United States v. Hill*, 2020 WL 247322, at *2 (D. Minn. Jan. 16, 2020), *appeal dismissed*, 2020 WL 4496527 (8th Cir. Apr. 20, 2020).

Thereafter, Mr. Hill filed an action under 42 U.S.C. § 1983 seeking damages for having to serve an illegal sentence. The District Court dismissed the action, finding that a civil lawsuit is not the appropriate vehicle to challenge a facially valid criminal judgment. *Hill v. Joyner*, 2021 WL 2792387 (D. Minn. Apr. 1, 2021) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994), *Report & Recommendation adopted*, *Hill v. Joyner*, 2021 WL 2493734 (D. Minn. June 18, 2021)).

Mr. Hill then brought an action in this Court under 28 U.S.C. § 2241, challenging Mr. Hill's conviction on the following grounds:

1. His Fifth Amendment rights were violated in that the Government did not prove every element of the crime charged, because the ammunition was manufactured and assembled in the state where he possessed the ammunition;

2. His Fourth Amendment rights were violated for the same reason as above;

3. That in the decision upon which the Eighth Circuit in part relied in affirming his conviction, *United States v. Mosby,* 60 F.3d 454 (8th Cir. 1995), the "facts was made up."; and

4. The District of Minnesota lacked jurisdiction because the ammunition never affected interstate commerce.

This Court found that each of the above grounds is simply a restatement and rehash of the grounds reviewed and rejected by the District of Minnesota and the Eighth Circuit and dismissed the action. *See Hill v. Hudgins,* Civil Action No. 1:21-CV-127.

3

      This brings us to the present action, also brought under 28 U.S.S. § 2241. In this action, Mr. Hill alleges that his indictment is unconstitutional, because the Grand Jury indicted him on "23 live rounds of federal brand 9 millimeter Luger ammunition" which never affected interstate commerce.

      Once again, these grounds are simply a restatement and rehash of the grounds reviewed and rejected by the District of Minnesota and the Eighth Circuit.

*Hill v. United States*, Civil Action No. 5:21-CV-212, ECF No. 3, at 1–4 (N.D. W. Va. Jan. 4, 2022)

The § 2241 court then rejected his claims, calling the motion "frivolous." *Id.* at 4. It continued, "Mr. Hill has been advised in prior decisions, issues fully considered on direct appeal may not be recast under the guise of a collateral attack. *Boeckenhaupt v. United States,* 537 F.2d 1182 (4th Cir. 1976), *cert. denied*, 429 U.S. 863 (1976). *See also United States v. Rush,* 99 F. App'x. 489 (4th Cir. 2004)." *Id.*

The judge in that § 2241 cases, Judge Bailey, then went on to explain why Hill could not satisfy the test of *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000), so as to allow him to bring a § 2241 claim. *Id.* at 5–6. The court thus denied his § 2241 petition. For like reasons, in addressing the first § 2241 motion Hill filed in the same court, Judge Bailey found that Hill's arguments did not allow him to proceed under § 2241. *Hill v. Hudgins*, Civil Action No. 1:21-CV-127, ECF No. 14, at 5–6 (N.D. W. Va. Nov. 8, 2021).

## II.  DISCUSSION

Under 28 U.S.C. § 2244, a petitioner's ability to relitigate the same claims before different courts is limited. That provision states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus,

4

except as provided in section 2255.

28 U.S.C. § 2244(a).

Although the Fourth Circuit does not appear to have spoken on the issue in a published decision, there is ample caselaw from other circuits holding that § 2244(a) precludes consideration of a subsequent § 2241 petition raising the same issues as a prior petition dismissed on the merits. *E.g.*, *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (noting applicability of § 2244(a) to § 2241 petitions and affirming district court's dismissal of petition under § 2244(a)); *Simon v. United States*, 359 F.3d 139, 143 n.7 (2d Cir. 2004) ("[Section] 2244(a) permits courts to dismiss § 2241 petitions when they raise claims that have already been decided on the merits in a prior § 2241 petition.") (citing *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997)); *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998) ("[Section] 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence."); *see also Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) (concluding that the district court erred in applying § 2244(a) to the § 2241 petition of an Immigration and Naturalization Service detainee because he was not being held "pursuant to a judgment of a court of the United States," but citing favorably to *Valona*). And, in at least three unpublished decisions, the Fourth Circuit has affirmed the dismissal of a § 2241 petition under 28 U.S.C. § 2244. *E.g.*, *Edwards v. Purdue*, 613 F. App'x 276 (4th Cir. 2015); *McLean v. Warden, FCI Estill*, 599 F. App'x 78 (4th Cir. 2015); *Trader v. United States*, 191 F.3d 448, 1999 WL 700181 (4th Cir. 1999) (unpublished table decision).

Consistent with this authority, district courts within the Fourth Circuit also have refused to consider § 2241 petitions where the issues raised were addressed on the merits in a prior petition. *E.g.*, *Alley v. Warden, FCC Petersburg*, No. 3:19CV339, 2020 WL 2735922, *2 (E.D. Va. May 26, 2020); *Reynolds v. Saad*, No. 1:17CV124, 2018 WL 3374155, at *4 (N.D.W. Va. July 11, 2018), *aff'd,* 738 F. App'x 216 (4th Cir. 2018) (relying on § 2244(a) and the "doctrine of the abuse

5

of the writ" to conclude that the petitioner's claims—which were raised and denied in prior petitions or could have been raised in the prior petitions—were barred from consideration); *McLean v. Warden, FCI Estill*, Civil Action No. 9:13-3022-MGL-BM, 2014 WL 4954882, at *2 (D.S.C. Sept. 30, 2014), *aff'd* 599 F. App'x 78 (4th 2015); *Quiller v. Wilson*, No. 1:12cv426(LO/JFA), 2012 WL 6725612, at * (E.D. Va. Dec. 12, 2012) (calling it "well established that § 2244(a) . . . bars second or successive § 2241 applications that seek to relitigate issues that were adjudicated in a prior § 2241 proceeding").

This authority is squarely applicable here. The claims that Hill raises in his petition before this court are all ones that were raised in his § 2241 petition in the Northern District of West Virginia, and are ones that were addressed by that court—twice—and also by the Eighth Circuit on direct appeal. The arguments also were rejected when brought as part of his § 2255 motion. Indeed, Hill's petition before this court even refers to the prior § 2241 decision, urging this court to "[l]ook [at] what Judge Baily [sic] said! All facts!" (Pet. at 5, Dkt. No. 1.) Thus, he does not deny that his claims already have been addressed as part of his prior § 2241 cases.

Pursuant to § 2244(a), then, this court is not "required to entertain" his petition, and it will dismiss it as successive.[2]

---

[2] In any event, as Judge Bailey noted, Hill fails to satisfy the factors set forth in *Jones*, which he must satisfy to establish this court's jurisdiction to entertain his petition. In particular, he fails to demonstrate any change in the substantive law which would deem his conduct no longer criminal. *In re Jones*, 226 F.3d at 333 (explaining that the second requirement for proceeding under § 2241 to challenge a conviction is that "after the petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal"). Accordingly, in addition to being properly denied as successive, the court also lacks jurisdiction over his petition. *See United States v. Wheeler*, 886 F.3d 415, 423, 426–29 (4th Cir. 2018) (explaining that a district court lacks jurisdiction to consider a § 2241 petition if one or more of the *Jones* factors is not met).

## III.  CONCLUSION

For the reasons stated, the court will dismiss Hill's petition as successive pursuant to 28 U.S.C. § 2244(a).

Entered: April 4, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge